UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DERREK LARKIN,

    Plaintiff,

v.

ARVIZA, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:25-cv-00795

(SAPORITO, J.)

## MEMORANDUM

Plaintiff Derrek Larkin, a prisoner proceeding *pro se*, has filed a complaint (Doc. 1) alleging that he has been denied access to a medically necessary CPAP machine. Pursuant to 28 U.S.C. § 1915A, the Court will dismiss Larkin's Eighth Amendment claims for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but permit him to seek injunctive relief.

I. Background

Larkin's complaint alleges as follows: On August 18, 2024, Larkin was transferred to the Secure Housing Unit at FCI-Allenwood. All property in his previous cell was packed by two correctional officers, John Does #1 and #2. Larkin alleges that these officers "removed and confiscated" his CPAP machine and failed to return it.

Larkin repeatedly asked "all defendants" for the machine to be returned or replaced, but his requests have been denied. The complaint is unclear as to whether the requests were denied on medical grounds or for some other reason. Larkin alleges that "my doc . . . was trying to get me a new" CPAP machine, but "I have been denied my request to medical staff" for a new machine. Ultimately, Larkin submitted "50+ cop-out[s][1]" about the machine, but he received no relief. He attempted to pursue formal administrative remedies, but allegedly received no responses.

Larkin alleges that the absence of the CPAP machine causes him difficulty breathing at night, which in turn causes insomnia and emotional distress. He asserts Eighth Amendment claims against eight[2] defendants: Warden Arviza, Deputy Wardens Callis, Wisniewski, and Cullen, "Head of Medical Department" A. Dewald[3], John Does #1 and #2,

---

[1] The term "cop-out" generally refers to an "Inmate's Request to Staff Member," a method for prisoners to seek informal resolution. *See, e.g., Milhouse v. Peoria*, No. 1:10-CV-00135, 2010 WL 4853717, at *1 (M.D. Pa. Nov. 22, 2010).

[2] Although the complaint lists nine defendants, defendant Cullen is listed twice.

[3] Larkin's handwritten complaint also refers to this defendant as "Dewalt" or "Dewait," but an attachment to the complaint reflects the
*(continued on next page)*

and the Bureau of Prisons, seeking injunctive relief and compensatory and punitive damages.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *id.* § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards).

The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c) is the same as

---

spelling "Dewald." *See* (Doc. 1-1 at 5). For consistency, the Court uses this latter spelling.

that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

III. DISCUSSION

Larkin asserts Eighth Amendment *Bivens* claims against all defendants. In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officials for constitutional violations. *See* 403 U.S. 388 (1971). However, the right does not extend to cases presenting a different "context" from those previously recognized by the Supreme Court. "If the case is different in a meaningful way from previous *Bivens* cases decided . . . then the context is new." *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017). If the case presents a new context, the Court must consider whether there are other "special factors" that cast doubt on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 136. Ultimately, "if a court concludes that even a single reason exists to pause before applying *Bivens* in a new context, then special factors counseling hesitation exist and a *Bivens* remedy does not lie." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quotations omitted).

The Supreme Court has recognized one case in which an Eighth Amendment claim for damages was permitted against a federal prison

officer for denial of medical care[4]. In that case, an inmate with asthma was kept in prison against the advice of doctors, denied medical attention for eight hours after a severe asthma attack, given drugs that made his attack more severe, treated with a faulty respirator, and not timely taken to the hospital, which resulted in his death. *See Carlson v. Green*, 446 U.S. 14, 16 n.1 (1980).

This case presents a different context. "Although the Court does not discount any discomfort, pain, or emotional distress [Larkin] has suffered," the complaint does not describe an imminent medical emergency.[5] Other factors counsel against extending *Bivens* into this context, such as the prison's administrative remedy program (which was unavailable to the estate of the deceased plaintiff in *Carlson*), and the fact that provision of chronic medical care "is a specialized activity

---

[4] Although Larkin asserts several other theories of Eighth Amendment liability, including failure to intervene, "supervisor liability," failure to train, and differential treatment from "other inmates who have their medical equipment," the Supreme Court has not extended *Bivens* to any of those contexts. *See Ziglar*, 582 U.S. at 130-31.

[5] *Gayle v. Mowatt et al.*, No. 1:23-CV-00861, 2025 WL 903832, at *15-16 (M.D. Pa. Mar. 25, 2025); *see also Holton v. Finley*, No. 4:21-CV-737, 2024 WL 1919238, at *9-10 (M.D. Pa. Mar. 21, 2024), report and recommendation adopted, 2024 WL 1913172 (M.D. Pa. May 1, 2024).

requiring a high degree of training and qualification," which courts are ill-equipped to regulate, particularly in the prison context.[6]

However, Larkin may still proceed on an Eighth Amendment claim for injunctive relief premised on deliberate indifference to his serious medical needs. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 62 (2001); *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). The appropriate defendant for such a claim is the official or officials "responsible for ensuring that any injunctive relief is carried out." *Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016) (citation omitted). In this case, the complaint and attachments indicate that Dewald and Warden Arviza are appropriate defendants for Larkin's injunctive relief claim.[7] *See* (Doc. 1-1 at 5 (response from staff advising Larkin to "[a]ddress this with Mr. Dewald . . . [h]e oversees medical.")); *Mitchell v. Jones*, No. 1:21-

---

[6] *Peguero v. Quay*, No. 1:22-CV-00057, 2023 WL 2410882, at *9 (M.D. Pa. Mar. 8, 2023) (citation omitted); *Holton*, 2024 WL 1919238, at *10.

[7] Because Larkin will only proceed on claims for injunctive relief, the question of whether any defendant was personally involved in past denials of the CPAP machine is irrelevant. *See Parkell*, 833 F.3d at 332 ("Our conclusion that the State Defendants lacked personal involvement in past constitutional violations does not preclude [the plaintiff] from obtaining prospective injunctive relief for ongoing violations.").

CV-00131-SPB-RAL, 2022 WL 2657365, at *6 (W.D. Pa. Mar. 9, 2022) (listing cases in which prison wardens were retained as defendants for injunctive relief claims).

## IV. CONCLUSION

Accordingly, Larkin will be permitted to proceed on claims for injunctive relief against Dewald and Arviza in their official capacities. An appropriate order follows.

Dated: June 12, 2025      *s/Joseph F. Saporito, Jr.*
                          JOSEPH F. SAPORITO, JR.
                          United States District Judge