UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DERREK LARKIN,

     Plaintiff,

     v.

WARDEN ARVIZA,

     Defendant.

CIVIL ACTION NO. 3:25-cv-00795

(SAPORITO, J.)

## ORDER

Plaintiff Derrek Larkin proceeds on a claim for injunctive relief regarding the adequacy of his medical care at FCI Allenwood. *See* (Docs. 30, 31). Because he has been transferred to pre-release custody, the Court must dismiss the case as moot.

Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *See* U.S. Const., art. III, § 2. "A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation and citation omitted). "Therefore, if developments occurring during the course of adjudication eliminate a plaintiff's personal stake in the

outcome of a suit, then a federal court must dismiss the case as moot." *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 303 (3d Cir. 2016). Courts have "a continuing obligation to assess subject matter jurisdiction *sua sponte* at all stages of the proceeding, even when parties do not raise the issue." *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869-70 (3d Cir. 2022). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because Larkin has been transferred to pre-release custody (Doc. 38), his claim for injunctive relief from conditions at FCI Allenwood is moot. *See, e.g., Ibarra-Villalva v. USP-Allenwood*, 213 F. App'x 132, 134 (3d Cir. 2007) ("Ibarra–Villalva's claims are moot to the extent that he still seeks [injunctive relief] from USP–Allenwood because he has already been transferred to another institution."); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."). Although Larkin responded to the Court's initial order to show cause why the case should not be dismissed, *see* (Docs. 39, 40), his response does not suggest any other plausible basis for the Court's subject-matter

- 3 -

jurisdiction over this claim.

Accordingly, **IT IS HEREBY ORDERED** that Larkin's complaint (Doc. 1) is **DISMISSED** as moot pursuant to Federal Rule of Civil Procedure 12(h)(3), and the Clerk is **DIRECTED** to close the case.

Dated: June 11, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge